**STATE ex ROGERS v GREEN et**

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided Aug 19, 1935

Ezra Z. Shapiro, Director of Law, Cleveland, and Charles W. White, Assistant Director of Law, Cleveland, for relator.

Phillips & Falsgraf, Cleveland, for respondents.

## OPINION

By LIEGHLEY, PJ.

We would be inclined to agree with the claims of relator but for one contingency. The employees appointed from eligible lists

were given only three and one-half days work per week on the average as a result of this staggering of temporary employees with them in the performance of the required work of the department. Thirty employees working twenty-eight hours per week are engaged eight hundred and forty hours. If these ten were given work for forty-four or forty-eight hours per week not more than eight or nine temporary employees were required to do the work of the department.

May the board of control by resolution create jobs arbitrarily to the prejudice of classified employees for the purpose of staggering the work of the department and include in the plan classified employees thereby reducing their hours far below normal employment?

The respondents deny this right.

First, respondents claim that mandamus is not the proper remedy. It is the duty of the commission to certify a payroll that contains only names which are properly thereon and performance of this duty may be compelled by mandamus. So that, the inquiry is whether or not these names are properly on this payroll. **Vol. 7 O. Jur.,** "Civil Service" §112.

They also claim the charter gives them certain rule making powers.

Sections 127 and 128 (g) of the charter of the city of Cleveland read as follows:

## "CIVIL SERVICE RULES—HOW MADE.

Section 127. The civil service commission shall make, promulgate, and when necessary may amend, rules for the appointment, promotion, transfer, lay-off, reinstatement, suspension and removal of city officials and employees in the classified service. Before any such rules or amendments shall become effective they shall be printed and an opportunity given for a public hearing thereon to be held after reasonable notice thereof has been given by the commission. The commission shall report its proceedings to the mayor upon his request, and shall make a report to the mayor at the beginning of each fiscal year."

## FOR WHAT RULES MUST PROVIDE.

"Section 128. The rules of the civil service commission shall among other things provide * * * (g) for temporary employment without test, in the absence of an eligible list. But no such temporary employment shall continue after the establishment of a suitable eligible list * * *. The commission shall adopt other rules, not inconsistent with the foregoing provisions of this section as may be necessary

and proper for the enforcement of the merit system, and to provide for the procedure of the commission."

In pursuance of the authority claimed to be conferred by these sections, the civil service commission adopted the following rule:

"Rule 6, §4: Provisional or temporary appointments: Whenever there are urgent reasons for filling a vacancy and the commission is unable, upon requisition, to certify a list of persons eligible for appointment after a competitive examination, the appointing officer may nominate a qualified person for provisional appointment. Such provisional appointment shall continue in force only until a regular appointment can be made from an eligible list which shall be prepared by the commission within 90 calendar days thereafter."

As we view it, the provisions of §128 of the charter are not exclusive or rigid limitations on the rule making power of the commission. But we do not agree that the section sanctions a usurpation of jurisdiction not otherwise conferred. **Davis et v State ex Kennedy, 127 Oh St, 261.**

The right of appointment of temporary appointees is specifically lodged in certain directors of departments in the absence of eligible lists. The determination of the need of such is for the administration through its appointing officers. Whether additional work exists requiring additional help to take care of the duties of a municipal department rests for decision with the heads of departments. Not until lists are available has the civil service commission any right or duty to assert dominion or authority over temporary appointments. Whenever and as soon as such eligible lists are existent. the commission has a controlling right to see that the civil service laws are respected and one of the weapons to secure compliance is a refusal to certify payrolls.

Neither has the civil service commission any right to assert any control over or inquiry into the qualifications of temporary appointees until it is prepared to present a list of persons whose qualifications have been ascertained by tests. Without tests, the appointing officer may well claim his judgment to be as good as that of the civil service commission. His is the responsibility for the competency of his appointees until an eligible list is available according to law. Then the responsibility for fitness and merit shifts.

So that, it is apparent that we are not

wholly in accord with the claims of either party to this case. We do not think that §130 and §191 of the charter compel the issuance of the writ prayed for. Nor do we think that §§127 and 128 of the charter as authority for the rule nor Rule 6, §4, passed in pursuance thereof a sufficient basis for a denial thereof. Rule 6, §4, can not divest the respective appointing officers of their prerogative until a list of eligible qualified persons are supplied by the civil service commission nor is the urgency of the situation subject to its review.

It was urged that the appropriating or budget authority had not supplied or provided sufficient funds for the conduct of necessary examinations to prepare eligible lists when and as required. However that may be, that neglect or omission could not operate to add to nor take from the authority and right of the relator or the respondents herein to assert their full legal rights and jurisdiction conferred by law without qualification by reason thereof. If their neglect, omission or refusal be actionable, the remedy must be invoked in another and different lawsuit.

**Article 15, §10 of the Ohio Constitution** reads:

"Appointments and promotions in the civil service of the state, the several counties, and the cities, shall be made according to merit and fitness to be ascertained, as far as practicable, by competitive examinations. Laws shall be passed providing for the enforcement of this provision."

One who is qualified to meet the standard of merit and fitness prescribed by law is entitled to some special consideration over one who has not stood the test of competitive examination or there is merely form and no substance in the whole scheme and program.

The man who has qualified as required by civil service law has a right to work. Eight hours is the regular and recognized period constituting a day's work. Likewise, forty-four or forty-eight hours a week's work. It is recognized by relator in staggering the work among the employees interested in this case. These ten qualified permanent employees had the right to work and perform the duties in their classified service for the regular recognized period per week.

No emergency existed justifying the procedure attacked herein and no authority reposed in the appointing officer or the board of control to create positions except to the extent that in its judgment was required to perform the work in the department in excess of the jobs of these permanent employees.

Civil service and the urge upon citizens to qualify for civil service employment would be easily destroyed, if indiscriminate staggering of employees may be legally done as in this case, however meritorious in these times the spread of employment may be. If the performance of eight hundred and forty hours work may be staggered among thirty employees resulting in reducing the working time of ten permanent appointees in the classified service to twenty-eight hours per week—if this be lawful,—then the board of control is legally authorized to stagger the work among eighty-four employees and reduce the work of these ten to ten hours per week.

These ten men by virtue of their place and position in the service are and were entitled to work and have a right to work to the exclusion of temporary employees so long as there was and is work to do in the department. They had a right to work approximately the maximum time recognized by the charter. The relator recognized the eight hour day. Temporary appointments have to do with work in excess of the work for these ten permanent appointees or emergency situations or seasonal occupations. Temporary appointments may not be used to effect a partial layoff of these ten men. A partial layoff is a condition not recognized or mentioned in civil service law.

There is such a thing as seniority rights in the administration of civil service law. When the work slackens §127 of the charter authorizes a layoff list as do the authorized rules of the commission to which list shall be transferred the names of those most recently appointed in the classified service in the department. It is conceived that those longest in the department needed for existing duties continue by reason of their senior rights. When the work increases beyond the amount which the classified employees may normally perform, then the right to temporary appointments arises in the absence of a qualified list, but this right may not be so exercised as to prejudice the rights of the regular employees in the service.

For the reason that there is no authority in law for staggering the work of a municipal department by the appointment of temporary appointees to the prejudice of men working therein in the classified service appointed from eligible lists, we think the civil service commission was within its

rights in refusing certification, and the writ of mandamus is denied.

LEVINE and TERRELL, JJ, concur in the judgment.